United States District Court
District of Connecticut
FILED AT HARTFORD

2-22-2016                20

Roberta D. Tabora, Clerk

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

---

**NELSON VALLE,**

Plaintiff,

v.

**GREEN TREE SERVICING, LLC.,**

Defendant(s).

---

**CASE NO:**  16cv277(SRU)

*Fair Debt Collection Practices Act*
*CT Unfair Trade And Deceptive Practice s*

**VERIFIED CLAIMS**

**TRIAL BY JURY REQUESTED**

**FEBRUARY 22ⁿᵈ 2016**

---

## NOTICE OF PRIVATE ENFORCEMENT - CONSUMER PROTECTION

The following is furnished pursuant to Connecticut state statute and encouraged by federal policy for data gathering purposes. This action is private in nature and public in scope and represents a private Consumer's good faith effort to effectuate legislative intent. In the interest of public policy, the Consumer seeks to perfect his private right by publicly tasking the services of the federal Court here in the District of Connecticut. Within the Court's judicial review, the Consumer seeks to ratify his administrative findings by way of an ORDER adjudging liability on part of the defendant for breach of federal law.[1] This notice is furnished so as to provide basis, in whole or in part, for further investigations if such investigations are deemed so warranted in the interest of consumer protection and public policy.

Respectfully,
*Nelson Valle*

| | | | |
|---|---|---|---|
| **Cc:** | Consumer Financial Protection Bureau<br>P.O. Box 4503<br>Iowa City, Iowa 52244<br>**Attn**: Office of Compliance | **Cc.** | Connecticut Office of Attorney General<br>55 Elm St,<br>Hartford, CT 06106<br>**Attn**: Office of Compliance |
| **Cc.** | Connecticut Office of Consumer Protection<br>165 Capitol Ave # 3,<br>Hartford, CT 06106<br>**Attn**: Office of Compliance | | |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this petition was furnished to the entities/authorities listed above by US mail or otherwise forwarded by electronic means.

---

[1] And pendant claims.

**VERIFIED CLAIMS**
- 1

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **NELSON VALLE,**<br><br>        Plaintiff,<br><br>        v.<br><br><br>**GREEN TREE SERVICING, LLC.**<br><br>        Defendant(s). | **CASE NO:**<br><br>*Fair  Debt  Collection Practices Act*<br>*CT Unfair  Trade  And Deceptive Practice s*<br><br>**VERIFIED CLAIMS**<br><br>**TRIAL BY JURY REQUESTED**<br><br>**FEBRUARY 22nd 2016** |

*FOR OUR CAUSE WE THE CONSUMER AFFIRM,*

### I. The ACT[2] - Opening Scene[3]

**O.[4]        Something is rotten,** but contrary to Marcellus's suggestion to Horatio, it's not in Denmark.[5] Rather, it's in the deceptive, salacious and oppressive debt collection practices that cause irreparable harm to the least sophisticated consumer *and* without shame or restraint, even seeks to inappropriately touch our honorable lady justice herself – **right here in Connecticut.**

### II. Private Enforcement – Preliminary Findings[6]

**2.1**        This private enforcement action is brought by Nelson Valle[7] ("Valle" or "Consumer" or "Plaintiff") against Green Tree Servicing, LLC.,[8] ("**Green Tree**"). **Green Tree** is at all times *deceptively* seeking to collect an alleged <u>debt</u> *and* to enforce an alleged interest in real property (collectively, "claim") in favor of **Bank of America, N.A.**

### III. Relevant Factual Background

**3.1        Green Tree's** communications identify a <u>debt</u> alleged to be related to an, "account originating with Countrywide Home Loans, Inc.," regarding a certain property at 66 Montowese Street in Hartford,

---

[2] See - 15 U.S.C §1692 *et seq.*

[3] However inartfully plead, Valle respectfully demands his pleadings be held to a less stringent standard than formal pleadings drafted by lawyers. See generally *Haines v. Kerner.* (1972) (citations omitted)

[4] This Court has **jurisdiction** by <u>federal question</u> at 28 U.S.C. §1331;  At 15 U.S.C. 1692k(d); **supplemental jurisdiction** exists 28 U.S.C. §1367 **and Venue** is proper pursuant to 28 U.S.C. §1391b and b(2) in that Valle is domiciled here in Connecticut and because defendants' collection communications to the Plaintiff was received in this district.

[5] William Shakespeare, *HAMLET, Act 1, Sc. 4.*

[6] *Jacobson v. Healthcare Fin. Servs., Inc.,* 516 F.3d 85, 91 (2d Cir. 2008) (noting how the FDCPA "enlists the efforts of sophisticated consumers . . . as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others").

[7] Nelson Valle is a *natural* person subject of the communications/enforcement actions at issue and a consumer within the meaning of the FDCPA.

[8] Green Tree Servicing, LLC., according to the Connecticut Department of Banking, is a collection agency with a business address at 7360 S. Kyrene Rd. Tempe, Arizona 85283.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

Connecticut 06114 arising from a <u>consumer</u> transaction primarily for personal, family or household purposes with said entity—said alleged <u>debt</u> defaulted, according to Countrywide, on <u>September 13th 2007</u> was never reinstated and treated as such thereafter.

**3.2**  According to **Green Tree,** they arrive in *private* commerce on or about <u>September 27th 2012</u>.

**3.3**  **Green Tree** arrives in *private* commerce unrecognized by *contract* or *consent*.[9]

### IV. <u>Two Private Communications Deemed Illegal Under Federal Law</u>

**4.1**  The communications at issue are addressed to Valle in a personal capacity, rather than in a corporate or business capacity.  <u>Ex. A1 and A2</u>

**4.2**  The communications at issue identify a <u>debt</u> alleged to be related to a certain property at 66 Montowese St. in Hartford, Connecticut to which the Consumer is the legal owner.  <u>Ex. B</u>

**4.3**  The communications at issue identify a <u>debt</u> alleged to be related to another consumer Brunilda ValleCastro, to whom Valle has a Durable Powers of Attorney ("DPOA")--a relationship legally recognized by the State of Connecticut. <u>Ex. C</u>

**4.4**  **Green Tree** was aware of Valle's contract—DPOA, with ValleCastro and his ownership of the subject property at all time material.

### A. <u>First Private Communication-April 24 2015</u>

**4.5**  On or around <u>April 24, 2015,</u> the Plaintiff received a private communication from an entity that identified themselves as **Green Tree.** The communication was addressed to Valle.[10]

**4.6**  The communication identifies a <u>debt</u> alleged to be related to an alleged <u>creditor</u> – **Bank of America, N.A**.

**4.7**  The communication identifies an address at 1515 W. 14th Street, Tempe AZ 85381 wherein Valle could contact **Bank of America, N.A** the "owner of the account".

**4.8**  The communication represents to the Consumer that **Green Tree** has the authority to act on behalf of **Bank of America, N.A.** regarding **Bank of America N.A's** "ownership of the account."

**4.9**  The communication represents that **Green Tree** is a "Note Holder" effective on <u>September 16th,</u> <u>2012</u> and that "the account be billed *$260.47* per month for payment of the *lender's policy*."  (emphasis)

---

[9] Given directly from the Consumer or the Consumer's principal in regards to any performances.

[10] *Ex. A1*

**VERIFIED CLAIMS**
- 3

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**4.10**    The communication indicates that **Green Tree** requested multiple documents from the Consumer as a prerequisite to properly investigate the request related to a validation of a <u>debt</u>.

**4.11**    The communication **does not** announce or otherwise contain a *jurisdictional statement* [mandatory disclosure] that **Green Tree** is a <u>debt collector</u>.

   **B. <u>Second Private Communication-May 11th 2015</u>**

**4.12**    The second private communication dated <u>May 11, 2015</u> identifies a <u>debt</u> alleged to be related to a certain, "Monthly Billing Statement" wherein the said <u>debt</u> is due and owing payable to **Green Tree** in favor of **Bank of America, N.A.**[11]

**4.13**    Valle's name appears on the second communication in both address caption and the payment coupon.

**4.14**    The communication, appears to have a *jurisdictional statement*, announcing **Green Tree's** capacity in relation to the alleged <u>debt</u> they are attempting to collect. It states, *"This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose."*

**4.15**    The communication's mandatory disclosure causes a belief in the Consumer that **Green Tree's** capacity in the Consumer's *private* commercial affairs is that of a <u>debt collector</u> attempting to collect a <u>debt</u>; As the communication **itself** presupposes **Green Tree's** requirement to comply with a federal statute.

**4.16**    The communication indicates an originating address PO Box 6172 in Rapid City, SD 57709 therein given rise to the belief in the Consumer that the communication originated from said address and accordingly constitutes the use of the mails.

**4.17**    Valle could not verify **Green Tree's** location licensure with the Connecticut Department of Banking as said location was not registered.

**4.18**    The Connecticut Department of Banking's **<u>mission statement</u>** establishes that[12] -

---

[11] *Ex. A2*

[12] See - http://www.ct.gov/dob/cwp/view.asp?a=2239&q=298124&dobNAV_GID=1659 (last visited October 28th 2015)

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

"The mission of the Department of Banking is to protect users of financial services from unlawful or improper practices by requiring that regulated entities and individuals adhere to the law, assuring the safety and soundness of state chartered banks and credit unions, educating and communicating with the public and other stakeholders, and promoting cost-efficient and effective regulation."

**4.19**   According to the Department of Banking, both communications from **Green Tree** originated from unlicensed locations therein at opposite to said mission statement.[13]

**4.20**   The communication from **Green Tree's** unlicensed office directed Valle to an alleged office of **Bank of America, N.A.** in Arizona that could not be verified by Valle by US mail as said mail was returned deliverable. **Ex. D**

**4.21**   Under "Delinquency Notice"[14] it states, *"A first notice or filing to initiate foreclosure on your account has occurred."*

**4.22**   This representation caused the Consumer confusion, specifically-- "What notice? What foreclosure?"[15]

**4.23**   Valle sought public records to verify if an instrument was filed and/or recorded effecting Valle's property[16] so as to support **Bank of America, N.A.**, alleged claim asserted by **Green Tree.**

**4.24**   Valle was able to determine that *none exists publicly* in favor of **Bank of America, N.A.,** Valle incurred time and cost nonetheless.

### V. Conduct Deemed Illegal Under Federal Law

#### C. Green Tree's "first notice or filing to initiate foreclosure on your account has occurred."

**5.1**   **Green Tree's** "first notice", according to their communication, occurred on *public* record July 15th 2014, in favor of **Bank of America, N.A.** therein *deceptively* naming **Bank of New York Mellon**. **Ex. E**

---

[13]And Connecticut public policy. This habitual collection practice has been brought to the attention of Connecticut enforcement authorities.
[14]*Ex. A2*
[15]After which the Consumer realized the obvious.
[16]Presumably between 2011 to 2015.

**VERIFIED CLAIMS**
- 5

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**5.2** During the interim—collection on the public record, **Green Tree** tasked another debt collector[17] to *aid* them with *their* other "filings". These two debt collectors regularly assist each other in collecting alleged debts and enforcing alleged interests in real property through the use of Connecticut Tribunals. **Ex. F**

**5.3** On or about November 30th 2015, after unsuccessful attempts by the Consumer in invoking federally guaranteed protections, **Bank of America, N.A.**-- with the assistance **Green Tree**, perfected their collection action in a Connecticut Tribunal.

**5.4** During the interim, **Green Tree** "files" sworn statements in a Connecticut Tribunal allegedly in favor of **Bank of New York Mellon** and is rewarded a "strict foreclosure" ORDER to benefit **Bank of America, N.A. Ex. K**

**5.5** **Green Tree** at all times had knowledge that their representations were false, deceptive or otherwise misleading to the Consumer.

**5.6** **Green Tree** knew a contract/agency existed between Valle and his principal and acknowledged such related to the communications/collection at issue.

**5.7** **Green Tree** gave conflicting information to Valle directing him to multiple "creditors".

**5.8** **Bank of America, N.A** is not the creditor related to the alleged debt at issue.

**5.9** **Green Tree's** communication and conduct gave rise to the belief in the Consumer that **Green Tree** maintained that **Bank of America, N.A.** is the creditor related to the alleged debt at issue.[18]

**5.10** **Green Tree** is not the creditor related to the alleged debt at issue.

**5.11** **Green Tree's** communication and conduct gave rise to the belief in the Consumer that **Green Tree** themselves maintained that they are the creditor related to the alleged debt at issue.[19]

**5.12** **Green Tree's** deceptive and/or conflicting communication and conduct made it impossible for Valle to affirmatively determine who was the purported creditor through whom Valle could resolve the alleged claims at issue or otherwise interfered with his ability in achieving the same.

---

[17]Bendett & McHugh, P.C out of Farmington, CT.
[18]Evidenced at *Ex. A1* and *A2*
[19]Evidenced at *Ex. A1* and *A2*

**VERIFIED CLAIMS**
- 6

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

**5.13**    **Green Tree** furnished information to the Consumer directing a "Pay off" to **Bank of New York**

**Mellon** publicly.[20]

**5.14**    On or about May 14th 2015, Valle sought to affirmatively confirm with **Green Tree** their position

as to whom was the alleged creditor claimant. **Green Tree** furnished information to the Consumer

directing a "Pay off" in form of bank-wiring good funds to **Bank of America, N.A.** through **Green**

**Tree's** account.  Ex. L

**5.15**    Valle acted on **Green Tree's** direction to contact **Bank of America, N.A.** but was unsuccessful in

affirming their [BoA's] alleged claim *privately* nor was the Consumer successful in invoking federal

protections to determine **Bank of New York's** claim *publicly*—**Green Tree** was directly involved in both

private and public communications and collection advancements.[21]

### VI. Private Enforcement – Affirmative Findings

**6.1**    As an immediate matter, **Green Tree** has already been cited and fined —including being enjoined

in a **permanent injunction**,[22] with the U.S Government by way of the Federal Trade Commission and

Consumer Financial Protection Bureau, for their illegal collection practices.  Many of the same illegal

collection practices of which are also herein asserted by the Consumer.

**6.2**    In analyzing whether claims under the FDCPA and CUTPA were stated, Valle closely considered

the standards as articulated -

| a. | As to the federal **Fair Debt Collections Practices Act** - *Carrington v. Chrysler Financial Corporation.*[23] |
|---|---|
| b. | As to Connecticut's **Unfair Trade and Practices Act** - *Ventres v. Goodspeed Airport, LLC,.*[24] |

**6.3**    In verifying **Green Tree's** capacity under federal law as a debt collector, the Consumer closely

considered that -

---

[20]Evidenced at *Ex. K.* And through **Green Tree's** Connecticut BAR card carrying debt collectors.

[21]Assuming that the collection action at issue isn't one and the same.

[22]April 21 2015 District of Minnesota See - https://www.ftc.gov/enforcement/cases-proceedings/112-3008/green-tree-servicing-llc (last visited Feb. 8th 2016)

[23]No. 10-CV-1024 NGG VVP. 2010 WL 1371664, at *1 (E.D.N.Y. April 6th 2010 (Garaaufis, J.)

[24]275 Conn. 105, 154–55 (2005)

*VERIFIED CLAIMS*
- 7

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

| | |
|---|---|
| **a.** | **Green Tree did not** offer or extend credit creating the alleged debt at issue—presumably it was Countrywide. |
| **b.** | **Green Tree** represents that the <u>debt</u> at issue is owed to another - **Bank of America, N.A** [privately] and **Bank of New york Mellon** [publicly], utilized communications from an address outside of Connecticut and requested payment therefrom thus constituting the use of the mails for commerce as evidenced in *Ex. A1* and *A2*. |
| **c.** | The principal purpose of **Green Tree's** business is the collection of debts as evidenced under their registration as a collection agency evidenced in the listing with the Connecticut Department of Banking.[25] |
| **d.** | **Green Tree** regularly files collection lawsuits so as to collect debts [or alternatively enforce alleged interest in real property] due to another as evidenced in the Connecticut Judicial dockets —over 1000 cases.[26] |
| **e.** | To the extent that **Green Tree** claims that the alleged debt at issue is owed on an assignment or transfer, said "assignment" and/or transfer "occurred" after default— September 13th 2007.[27] |
| **f.** | **Green Tree** utilized a *jurisdictional disclosure* in a communication affirmatively announcing that they are *debt collectors*. *Ex. A1* |

**6.4**    In determining the viability of a deception claim implicating Green Tree's *public* concealment of

its agency to **Bank of America, N.A.**, Valle closely considered a pattern of conduct by **Bank of America,**

**N.A.**, which is open for public view and readily accessible by anyone with an interest—victims or

vanguards, including the following direct involvement in the deceptive collections at issue-

| | |
|---|---|
| **a.** | [2011] **Bank of America N.A.**'s employee was directly responsible for importuning a resultant document[28] into public record in Hartford's Town Clerk Office giving "legal effect" to said document. Soon after said employee was apprehended by California authorities and convicted of <u>nine felony counts</u>—*forgery, etc.* **Ex. G** |
| **b.** | [2011] **Bank of America N.A.**'s debt collection firm of **Bendett and McHugh, P.C,** has since November 14th of 2011, *privately* supported **Green Tree's** representation that **Bank of America, N.A.** has the authority to enforce an alleged interest related to Valle's property. **Ex. H** |
| **c.** | [2011] **Bank of America N.A.**'s settlement with 49 state attorney general (including Atty. Gen. George Jepsen on behalf of the Consumers in Connecticut.) addressed similar misconduct asserted here by the Consumer. **Ex. I** |
| **d.** | The U.S. Department of Justice's and **Bank of America, N.A.** reached a historic $16,000,000,000 dollar settlement for financial fraud leading up to and during the financial |

---

[25] See- http://www.ct.gov/dob/cwp/view.asp?a=2233&q=297872&dobNAV_GID=1663 (last visited Nov. 23rd 2015)

[26] See - http://civilinquiry.jud.ct.gov/PartySearch.aspx (last visited Nov. 23rd 2015)

[27] See generally - *Alibrandi v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82, 86 (2d Cir. 2003); Note: Bank of New York Mellon denies that Green tree collects for them.

[28] This type of document is frequently used to gain acceptance of a conclusion that the document doesn't actually prove. Furnishers of these documents act as if the conclusion represented by the document actually proves itself without the requirement of substantiating evidence. This, of course, is not true as these types of documents are not self-authenticating. These types of documents contain no intrinsic truths and only raise questions not yet answered by the entity purporting to assert the allegations therein. In other words, what were the ultimate facts that led to the document being created? An "Assignment of Mortgage" in the public records, is proof that it was created and recorded. It is not proof, however, that any actual transfer occurred or that the party therein referenced **[Bank of New York Mellon]** was ever owed any debt. Whether this document helps prove anything larger than its mere existence is impossible to know without substantiating the assertions therein—via verification and/or documentation by the required statutes/contract as to the circumstances related to its creation. Furthermore, within the ambit of the Court's rules of evidence this document would need to be properly authenticated by an affiant/assignor so as to properly lay its foundation.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

| | |
|---|---|
| | crisis.[29] Presumably, according to **Green Tree**, the same toxic debts at issue herein. |
| e. | **[2015]** The Consumer Financial Protection Bureau's **November 2015** monthly research focusing on the Hartford, Connecticut metro area identified **Bank of America N.A.**, as the entity with the highest complaints received by the CFPB.[30] **Ex. J** |

## VII. <u>Summary of Claims Under The FDCPA - C, D, E, F, G, *or* J</u>[31]

7.1     Plaintiffs incorporate the preceding paragraphs.

**Claim-1. Statute of Limitations.**

According to *Exhibit A2*, **Green Tree** participates---in a lawsuit filed on July 15th 2014 on an

alleged <u>debt</u> defaulted on September 13th 2007. Therein attempting to enforce a time-barred debt.

**Claim-2. Failure to Disclose.**

**Green Tree's** communication, evidenced in *Exhibit A1*, contains no mandatory disclosure that

they are <u>debt collectors</u>.

**Claim-3. Falsely Representing Valle Owes A Debt/Legal Status/Confusion.**

a. **Green Tree's** communication, evidenced in *Exhibit A2*, creates a belief in Valle that he owes a

debt by placing his name in the coupon for payment to **Bank of America, N.A.** Valle owes no

such <u>debt</u>.

b. **Green Tree's** communication, evidenced in *Exhibit A2*, creates a belief in Valle that his

property is of interest to **Bank of America, N.A. Bank of America, N.A.** has no legally

---

[29]See - http://www.justice.gov/opa/pr/bank-america-pay-1665-billion-historic-justice-department-settlement-financial-fraud-leading (last visited January 8th 2016)

[30]<u>Geographic Spotlight: Connecticut</u>
This month, the CFPB highlighted Connecticut and the Hartford metro area for the report's geographic spotlight. As of Nov. 1, 2015, consumers in Connecticut have submitted 8,300 of the 749,400 complaints the CFPB has handled. Of those complaints, 2,500 have come from consumers in the Hartford metro area. Findings from the Connecticut complaints include:

- **Mortgages are the most-complained-about product**: Mortgage-related complaints have been the most-complained-about product in the Hartford metro area and Connecticut as a whole. Of the 8,300 complaints submitted by consumers in Connecticut, 28 percent have been related to mortgages.
- **Most-complained-about companies**: Bank of America, Wells Fargo, Equifax, and Experian were the four most-complained-about companies from consumers in Connecticut.

The Dodd-Frank Wall Street Reform and Consumer Protection Act, which created the CFPB, established consumer complaint handling as an integral part of the CFPB's work. The CFPB began accepting complaints as soon as it opened its doors four years ago in July 2011. It currently accepts complaints on many consumer financial products, including credit cards, mortgages, bank accounts and services, private student loans, vehicle and other consumer loans, credit reporting, money transfers, debt collection, and payday loans. The Bureau expects companies to respond to complaints and to describe the steps they have taken or plan to take to resolve the complaint within 15 days of receipt. The CFPB expects companies to close all but the most complicated complaints within 60 days. In June 2012, the CFPB launched its Consumer Complaint Database, which is the nation's largest public collection of consumer financial complaints. When consumers submit a complaint they have the option to share publicly their explanation of what happened. For more individual-level complaint data and to read consumers' experiences, go to the Consumer Complaint Database at: www.consumerfinance.gov/complaintdatabase/. See - http://www.consumerfinance.gov/newsroom/cfpb-monthly-complaint-snapshot-examines-bank-account-and-service-complaints/ (last visited January 7th 2016)

[31]Or any subdivision.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

enforceable interest in Valle's property.  Neither is there anything evidenced in public record to the same.[32]

**Claim-4. Dual Capacity/Dual Pay-Offs/Confusion[33].**

**a.** The communication(s) uses terms like, "note holder", "lender", "insurance policy"; The language is <u>creditor</u> related but their *mandatory disclosure* in their second communication indicates that they are <u>debt collectors.</u> The communication is confusing because it implies that **Green Tree** can be both a <u>creditor</u> and a <u>debt collector</u> on the same alleged debt; while concurrently maintaining that **Bank of America, N.A.** [privately] and **Bank of New York Mellon**, [publicly] are also the <u>creditors</u>.

**b.** Green Tree's representation that they are the "note holder" is at opposite to their *public* representations that imply that **Bank of New York Mellon** is the "note holder" causing a belief in the Consumer that **Green Tree** maintains there are more then one and causing confusion.

**c. Green Tree** furnishes communications that directs the Consumer to "pay off" two different entities—creating a belief in the Consumer that the *only* way to settle the matter would be with the entity alleging a debt is owed—concurrently providing two different claimants on said <u>debt</u>.

**Claim-5. Advancing A False Claim/Concealment/Interference/Confusion.**

**Green Tree** confirms that they are collecting in favor of **Bank of America, N.A.** [2015] and that they have filed to initiate judicial action. **Green Tree**, however, has provided certified representations to the Consumer, a few federal Judges [2015] and a few state Judges[34] [2014/2015] that they have at all time acted in favor of another entity—**Bank of New York Mellon** and otherwise concealed that they have quietly sought Judicial ORDERS in favor of **Bank of America, N.A.**  This deceptive and conflicting representations impeded Valle in settling matters as he could not affirmatively establish the true party alleging a <u>debt</u> claim.

**7.2      Actual Damages.** As a direct and proximate result of the defendants' collection activity, the

---

[32]**Note:** Green Tree wants it both ways. They dun Valle *privately* ,while steering him in multiple directions, so as to confuse him and his principal while denouncing that he has any interest whatsoever in the collection actions at issue *publicly;* Effectively denying him a voice in law, equity and federal statute.

[33]When Valle maintains that he was confused, it is meant that he was unable to determine how to intelligently respond to the defendant's communication-as he was furnished conflicting representations, uncertain about who was who. These multiple premises as to who was the alleged "creditor"---**Green Tree, Bank of America, N.A.** and/or **Bank of New York**, etc., impeded his ability otherwise settle the matter with the party sufficiently asserting a valid debt claim.

[34]Under the penalties of perjury.

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com

1   Consumer has suffered actual damages including but not limited to enormous emotional distress;

2   insomnia, outrage, irritability, confusion, apprehensiveness, nervousness, anger, confusion, restlessness

3   resulting in withdrawing of positive relations. In furtherance, the defendant have intruded on the

4   Consumer's privacy awhile effectively coercing Valle to enjoin in a power relationship to which he has

5   felt unlawfully at its mercy.

6   **VIII. <u>Claim Under CUTPA</u>**

7   **8.1**    Plaintiff incorporates preceding paragraphs.

8   **8.2**    **Green Tree** at all times material, performed and engaged in conduct constituting trade and

9   commerce utilizing the U.S mails to assist them to that end.

10  **Claim-6. The Defendant's Violations of Federal Law Concurrently Violates Connecticut's Unfair**

11  **Trade and Deceptive Practices Act.**

12  **8.3**    **Ascertainable Loss.** As a direct and proximate result of the defendants collection actions, Valle's

13  mental tranquility has been disturbed. Valle has sustained loss which include but not limited to costs and

14  time incurred in responding to the defendants' unlawful collection communications and conduct that

15  would have otherwise not been expended—administrative costs; 100+hours of document review and

16  correspondences, paper, ink, postage, travel expenses, certified copies, purchased resources, missed

17  income opportunities, missed travel and enrichment opportunities, postponed educational pursuits, etc.

**IX. <u>Closing – Relief Requested</u>**

| | |
|---|---|
| a. | a **Judgment** - entered against Green Tree. |
| b. | **Statutory damages** - $1,000 under the FDCPA to be determine by the Court. |
| c. | **Statutory damages** – most allowable under CUTPA to be determine by the Court. |
| d. | **Actual damages** – under the FDCPA to offset Green Tree's debt collection the unlawful procurement of Valle's property. |
| e. | **Actual damages** – under the FDCPA for emotional distress to be determine by a jury of Valle's peers. |
| f. | **Punitive damages** – to be determined by the Court. |
| g. | **Injunctive relief** – under CUTPA enjoining defendant to cease violating Valle and his property. |
| h. | Filing fees, costs and attorney fees, as they may bare, under the FDCPA. |
| i. | Any further relief that is proper and just under the circumstances. |

Nelson Valle
c/o 66 Montowese St.
Hartford, CT 06114
+305.791.8959 phone
rvx22@live.com